**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIANO CORTES ESCANDON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-314-KC** |
| | § | |
| **ANGEL GARITE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Mariano Cortes Escandon's Petition for a Writ of Habeas Corpus, ECF No. 1. Cortes Escandon is detained at the ERO Camp East Montana facility in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 54–107. He also asks that Respondents be ordered to return him to Minnesota. *Id.* at 34.

Cortes Escandon entered the United States in 2010. *Id.* ¶ 46. On September 13, 2022, Cortes Escandon applied for a U Visa and U.S. Immigration and Customs Enforcement ("USCIS") granted him deferred action and employment authorization, valid until 2029, after a bona fide determination. *Id.* ¶ 48. ICE detained Cortes Escandon again on January 12, 2026, in Minnesota. *Id.* ¶ 2. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.

Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Cortes Escandon's case warrant a different outcome.

As for Cortes Escandon's request to be sent back to Minnesota, he is already in custody in El Paso, Texas, and was in custody here at the time his Petition was filed. *See* Pet. ¶¶ 1, 15. Cortes Escandon provides no authority that would allow this Court to order him returned to Minnesota. *See generally* Pet. Therefore, the request is denied.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 11, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED** this 4th day of February, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE