**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIANO CORTES ESCANDON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-314-KC** |
| | § | |
| **ANGEL GARITE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**FINAL JUDGMENT**

On this day, the Court considered the case. On February 13, 2026, the Court granted in part Mariano Cortes Escandon's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Feb. 13, 2026, Order 6, ECF No. 6. Respondents have now informed the Court that an IJ denied Cortes Escandon bond, finding that he poses a flight risk. Status Report, ECF No. 7.

It appears that the only remaining matter to be resolved in this case is Cortes Escandon's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 35, ECF No. 1; *see generally* Feb. 13, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**. To the extent Cortes Escandon wishes to seek additional relief from the Court, he may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 24th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE